Sniprr, J.
delivered the opinion of the court.
This is an action in which the plaintiffs seek to recover possession of the bill of exchange which was the subject of the suit of Parish v. Hozey, sheriff, lately decided by this court, ante. They represent that on the 15th of April, 1839, they agreed to sell to the defendant, abill of exchange, &c., amounting to §1450, that said defendant did not comply with the principal condition of the contract, which was to pay the whole amoxint of the price thereof immediately, but only paid §500 on account of said price; and that consequently they have remained the owners of the bill. They further state that the defendant, having obtained possession of said bill, deposited the same for collection, in the New Orleans Oanal and Banking Company; thathe and said bank are bound to deliver it up to them, and that, at all events, should they be unable to prove their title as owners of the bill, they are entitled to the vendor’s privilege on the same or its proceeds for the balance of said price. They pray that the defendants be condemned in solido to deliver up the bill in question, &c., and that the same be sequestered according to law.
A wilt of sequestration was issued, by virtue of which the shexdff took said bill into his possession and safe keeping; and afterwards the defendant joined issue by alleging the bill of exchange, sequestex'ed, to be his px-opex'ty in consequence of his having purchased the same fx'om the plaintiffs, and of his having paid the price thereof, in the manner by him stated in his answer. [9] Defendant further averred that by the sequestration of the bill he has been deprived of the money; that in consequence of said sequestration, the sheriff failed to have it protested at maturity, and that he (defendant, Parish) has sustained daxnages to the -amount of §1500, which he pleads in reconven *367 tion. The district court rejected the plaintiffs’ demand, and rendered judgment against them on the reconventional plea set up by the defendant, for the whole amount of the bill of exchange; from which judgment the said plaintiffs appealed.
ilo evidence whatever was adduced by tho plaintiffs in support of their action; they solely relied on the admissions of the contract of sale and of the consideration thereof, contained in the defendant’s answer, expecting that said defendant should be required to prove the payment by him alleged; and it is now contended by their counsel that the judge a quo erred in deciding that those admissions must be coupled with the defendant’s statement of facts, tending to show his discharge, and his own right to the bill sequestered.
“We cannot concur in the opinion with the inferior court. The plaintiffs’ action is based on an alleged'contract of sale of the bill of exchange in question; the price, as they state, was $1450, payable immediately on the delivery of the bill, in current Mississippi funds to be taken at par, a part of which ($500) was paid in cash by the defendant, and judgment is prayed for the return of said bill or for the balance of its price. The defendant admits that he purchased the bill from the plaintiffs, and that he paid $500 in cash on account of their purchase-money; but he further states, in his answer, that he paid the remainder in the transfer and assignment of a debt then due to him by the commercial firm of E. B. Oook & Oo.; that the plaintiffs agreed ■to look to them for the said remainder.; that the firm of Oook & Oo. agreed and promised to pay said plaintiffs the amount due by them to the defendant, so transferred in payment of the balance of the purchase-money, and that such was the agreement at the time of the purchase, and that the plaintiffs consented to receive a verbal transfer of said debt of Oook & Oo., and the sum of $500 in full pmjment of the price of the said bill of exchange and to [10] release defendant from all recourse or claim against him, &c.
The defendant having admitted the material facts alleged in the plaintiffs’ petition as the foundation of their action, said plaintiffs had perhaps nothing to prove; but it was clearly the duty of the defendant to establish, by legal evidence, all the other matters by him set up in his answer, going to show his compliance with the terms of sale by the payment of the whole amount of the price thereof.
The rule that a party wishing to avail himself of the confessions- made by the adverse party, cannot divide them, and must take them entire, does not apply to the admission made in the pleadings, but only to answers to interrogatories. Code of Practice, art. 356 ; or to judicial confessions made according to the art. 2270 of the La. Code; the reason is, with regard to answers to interrogatories, that they are called for by the other party, that they are sworn to, and that it is not to be presumed that a party would state under oath any fact which he knew to be false. But to carry the rule further and to apply it to the matters which are pleaded by a party in his answer in evidence of the plaintiffs’ demand, after his having admitted the debt or obligation, would, in our opinion, be a strange and absurd doctrine. It is of every day’s occurrence, in practice, that a debtor, who is sued on a contract or note, *368 admits its existence or Ms signature thereto, and then sets up a plea of payment or other matter in discharge of his adversary’s olaim. Surely, it cannot he pretended that, in such case, the defendant would acquire Ms discharge from the obligation or debt sued on, because, after having spared to his adversary the trouble of proving the signature to the note or execution of the contract, he thought proper to set up a plea of payment, which is often unfounded, and sometimes resorted to, to make a show of defence. This would be a very dangerous practice, and, to say the least of it, a very inconvenient one; as, for fear of endangering their rights, plaintiffs would always [11] think themselves bound to prove their obligations, notwithstanding the written waivers or admissions contained in the answers of their opponents. "We have, however, repeatedly held that such admissions are sufficient to dispense the plaintiffs with proving their demands, and that the onus prdbcmdi lies upon the defendants to establish their defence. Thus, in the case of Jones v. Bishop, 12 La. Reports, 398, this court said that the plea of payment admits the existence of the debt, and that, therefore, unless the defendant can prove payment, the plaintiffs will have judgment. Our jurisprudence is well settled on this subject, and the judge a quo ought to have required the defendant to prove the payment by him alleged in his answer, beyond the $500, admitted on both sides to have been paid in cash, at the time of the purchase; and if he had not done so, judgment should have been rendered against the defendant for the balance of the vpurcliase-money. However, as the defendant’s counsel, though able to establish the facts by him alleged, may have been under the impression, from the opinion of the lower court, that it was not necessary to adduce his proof in support of his defence, we think justice requires that this case should be remanded for further proceedings.
The present state of this cause makes it unnecessary to examine the questions arising from the reconventioal demand set up by the defendant, who, within our recent knowledge, having already exercised successfully his recourse in damages against the sheriff, would perhaps carry his pretensions too far, if he was again to attempt to make the plaintiffs liable for a loss for which we lately rendered a judgment in his favor against the person by whose fault it was shown to have been sustained. La. Reports, 578.
It is therefore ordered, adjudged and decreed, that the judgment of the district court, be annulled, avoided and reversed; and that this cause be remanded for a new trial 'according to the legal -principles above established; the defendant and appellee paying costs in this court.